## Case No. 4,623.

### FALES et al. v. WENTWORTH.

### CHIPMAN v. SAME.

[Holmes, 96; 5 Fish. Pat. Cas. 302; 2 O. G. 58.] [1]

Circuit Court, D. Massachusetts. Feb. 12, 1872.

---

[1] [Reported by Jabez S. Holmes, Esq., and Samuel S. Fisher, Esq., and here compiled and reprinted by permission. Syllabus and opinion from Holmes, 96. Statement from 5 Fish. Pat. Cas. 302.]

B. F. Brooks and J. D. Ball, for complainants.

J. S. Abbott and C. S. Lincoln, for defendant.

SHEPLEY, Circuit Judge. The patent of Fales, upon which the bill in equity first named was filed, was granted Feb. 27, 1866, and reissued March 14, 1871. The Chipman patent, upon which the second bill is based, was granted Dec. 18, 1866, and reissued July 12, 1870.

The claim in the Fales reissued patent is for "a carpet-lining substantially as described, the filling of which, and the paper adjoining such filling, are retained together by means of stitching." The carpet-lining described in the specification and drawing was "a sewed or quilted carpet-lining, . . . composed of a filling, such as a layer of cotton, or some equivalent material, contained between two surfaces of the paper employed to enclose said filling, . . . the stitches or sewing retaining the filling and adjoining surfaces of the paper, . . . being applied in rows running lengthwise of the carpet-lining, and they pass through from surface to surface of the paper, thereby connecting the adjoining surfaces and the filling together."

The claim in the Chipman patent is for "a carpet-lining composed of a lap of soft, sheet, fibrous material, surfaced or protected not only on its opposite sides, but also around its opposite edges." After describing the invention as obviating the objections of want of unity of the parts in carpet-linings previously patented or in use, and also obviating the objection that dust and moths accumulated in the fibrous filling along the open edges of the paper or other fabric with which the fibrous lining was surfaced, the patentee describes his invention as consisting "in enclosing the lap of fibrous material between two surfaces of paper when the lap is also enveloped or surrounded at its edges,

so that, in effect, the lap is enclosed in a bag-like or flat tube-like wrapper, both broad surfaces, and the opposite edges being all protected, instead of having only the top and bottom surfaces protected with paper left open at the edges, as in all carpet-lining of this kind made previous to my invention." In practice, the Chipman carpet-lining was made by leaving the fibrous material narrower than the sheets of paper between which it was placed, and then uniting the edges of the surfacing sheets which extended beyond the layer of fibrous material by paste or cement, thus rendering it impervious to moths or dust. This is described in the patent as one mode in which the invention may be practised; but the claim is broader, as before stated, covering, in fact, any carpet-lining composed of a sheet of fibrous material enclosed in a bag-like or flat tube-like wrapper, thus "surfaced or protected not only upon its opposite sides, but also around its opposite edges."

Briefly stating the claims of the two patents, so far as the claim of novelty is concerned, (the use for this purpose of the materials named being old,) the Fales patent claims the use of sewing or quilting together the lap and the surfacing material; and the Chipman patent, the enveloping or enclosing the lap in a bag-like or flat tube-like wrapper. In view of the state of the art at the date of the Fales patent, and the fact that sewing or quilting fibrous material interposed between two opposite surfacing fabrics was in common use, the court entertain so much doubt of the validity of the broad claim in the Fales reissued patent, as to be unwilling to issue the preliminary injunction at this time, leaving the question of the validity of the patent to be decided on a final hearing of the case. The motion for an injunction in the case of Fales v. Wentworth is therefore denied.

The carpet-lining manufactured by the respondent, and alleged to infringe the Chipman patent, is made by enclosing the lap of fibrous material in a single sheet of paper. The lap of soft fibrous material is first deposited on the central portion of the paper, and the paper is then folded over the lap, the two edges of the paper overlapping each other over the centre of the fibrous material, where they are secured to each other and to the lap by a line of stitching through the lap. This is evidently an improvement over any of the other carpet-linings in use. It dispenses with the use of any paste or cement, the use of which is objectionable, as attracting moths and other insects; and it allows the lap to extend the entire width of the lining. But it does also embody the invention claimed in the Chipman patent of enclosing the lap in a flat tube, so that the lap is surfaced or protected not only on its opposite sides, but on its opposite edges. Although the defendant is manufacturing the Wentworth stair-lining under a patent, and although the article manufactured by him is manifestly an improvement over that patented to Chipman, yet it is a familiar rule of law that a patent for such an improvement does not per se give the right to use the thing improved upon. In order to make his patent available, the patentee of an improvement upon a patented article must have the consent of the original patentee, where he cannot use his improvement without using the patented thing improved upon. The affidavits do not make out a case of knowledge or use prior to the date of Chipman's invention; and, for the purposes of this hearing, we must consider the reissue of the Chipman patent to have been rightfully granted by the commissioner of patents, as, upon the face of the reissued patent, it does not appear to have been for an invention not within the terms of the description in the original patent.

In the case of Chipman v. Wentworth, the injunction is to issue, as prayed for in the bill, unless the respondents give a bond, in a sum to be fixed by the court, to respond in such damages, if any, as may be awarded upon final decree for any infringement of complainant's patent between the date of this decree and the final decretal order in the cause; and a decree may be drawn up accordingly, and submitted to the court. Decree accordingly.