## THE UNION HIDE AND LEATHER COMPANY

### *v.*

### GEORGE WOODLEY.

1. DEFAULT — *setting aside, a matter of discretion.* It is a matter resting in the sound discretion of the court to whom the application is made, whether a default shall be set aside; and an appellate court will not interfere, unless there has been a gross abuse of that discretion.

2. The court should exercise the power of opening a judgment by default, when to permit it to stand would be unjust and oppressive, if the defendant has shown reasonable diligence to avoid the effects of the default. But if the term is permitted to pass, or the defendant has been guilty of negligence, the court will refuse relief, even if the judgment is unjust.

3. SAME — *negligence will defeat motion to open.* Where a corporation was duly served with summons six weeks before the entry of judgment

by default against it, the service being by delivering a copy of the sum-mons to the treasurer, and he delivered the same to a stockholder, who for-got the matter, and no other steps were taken to retain counsel or prepare for defense until after judgment: *Held,* that owing to the gross negligence of the defendant, it was not entitled to have the default opened.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. GRANT & SWIFT, for the appellant.

Mr. A. B. JENKS, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellee brought suit against appellants in the Superior Court of Cook county, and a summons was duly served on their treasurer, on the 16th of April, 1874. He, thereupon, handed the copy of the summons to one Schneider, a stockholder in the company, but he, nor any one else, gave the matter any attention. On the 1st of June following, a default was taken; and on the 9th day of July following, the damages were assessed at $816, and judgment rendered on the assessment. On the 17th of the same month, appellants, for the first time, entered their appearance, and moved the court to set aside the judgment and default. On the hearing on affidavits and counter affidavits, the court below overruled the motion, and this appeal is prose-cuted by defendants.

The numerous and uniform decisions of this court hold, that it is a matter in the sound discretion of the court to whom the application is made, whether a default shall be set aside. Nor will an appellate court reverse, unless there has been a gross abuse of the discretion. The court should always exercise the power, when to permit the judgment to stand would be unjust and oppressive, if the party has shown reasonable dili-gence to avoid the effects of the default. But, even in such cases, if the defendant permit the term to pass, or has been

wholly indifferent to his rights, the court will refuse relief. A party who is served with process, and is regardless of the notice, and fails to act, from wantonness, negligence, or without any reasonable excuse, has no right to insist that he be let in to defend. In such cases, he will be regarded as waiving all right to a trial.

In this case, there was due service about six weeks before the default was entered. There is not the slightest pretense that there was any want of notice. Nor is it claimed that any, the slightest, attention was paid to the case for three months after the service. No effort was made to employ counsel or to prepare for defense. But the only effort at even an excuse was that the officer upon whom the service was made handed the copy of the summons to Schneider, a stockholder, to employ counsel, and he is supposed to have forgotten it, in his preparation for his trip to Europe with his family. Afterwards, the treasurer, upon whom the service was had, made no inquiry about the matter, informed none of the officers of the company that the suit was brought, nor did he see the attorney of the company to learn what should be done in preparation for a defense. The whole matter was treated by him and Schneider with utter indifference; not even regarded as of sufficient moment to require notice to be given to other officers of the company; or, if given, they treated the matter as not of the slightest importance. Their conduct is, to say the least, unusual, if there was believed to be a defense; we can hardly see how they would have so acted, if they believed they had a defense.

But even if there was, still the defendants were guilty of gross negligence. No accident, mistake, or imposition is shown,—but pure negligence. And whilst the court might, on the single affidavit accompanying the motion, have granted it, still, there was no such abuse of discretion as requires a reversal. The case is as destitute of all effort at diligence, or excuse for failing to appear, as can well be imagined. And if all the affidavits filed in the case are considered, there then seems to be doubt

whether there is any defense. But independent of all but the first affidavit filed, the court did not abuse the discretion with which it was invested. The judgment of the court below must be affirmed.

*Judgment affirmed.*