Daniel A. Walsh

*v.*

Patrick J. Walsh *et al.*

*Filed at Ottawa November 14, 1885.*

1. New trial—*absence of counsel—negligence.* On account of the sickness of defendant's counsel, the cause in which he was employed was set at the foot of the September calendar by consent, and after the death of the counsel so employed, the defendant employed other counsel in February following, who, supposing the cause was placed at the foot of the February calendar, in which case it would not be called for trial at that term, so informed the defendant, and directed him to wait for notice, and while such attorney was absent trying a cause in another county, the case was tried, and a verdict rendered against the defendant, and the court refused to set aside the verdict and allow a new trial: *Held,* that as the defendant was chargeable with some negligence, it could not be said the court abused its discretion in refusing to open the case and allow a new trial.

2. Practice *in the Superior Court of Cook county—hearing before different judges in the same case.* A cause being called for trial in the Superior Court of Cook county, the presiding judge transferred the same into the branch of that court held by another judge, where it was tried, and a motion

made by the defendant to set aside the verdict and allow him to defend. The judge of the branch court refused to consider the motion in respect to the regularity of the call in the other court and of the transfer, and directed the parties to appear before the other judge in respect to that matter, who overruled the motion in respect to the matters in his court, and on a further hearing the judge to whom the cause had been transferred, overruled the motion on the merits: *Held*, that there was no error in each judge passing upon so much of the proceeding as took place before him, and in the final overruling of the motion by the judge who tried the case.

3. PRACTICE—*of a second trial while a former verdict is still standing.* In 1881 a verdict was rendered in a cause in favor of the plaintiff, and afterward, in 1884, without its being set aside, another jury was called which rendered a verdict for the same amount in favor of the plaintiff, upon which judgment was rendered: *Held*, that as a mere verdict could do the defendant no harm, and as the court would render but one judgment, the irregularity worked no injury.

4. ERROR WILL NOT ALWAYS REVERSE—*as, where defence is availing under other issues.* Where all matters set up in special pleas are available in defence under the general issue, an error in sustaining a demurrer to the special pleas will not require a reversal of the judgment.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JOHN LYLE KING, and Messrs. GARY, CODY & GARY, for the appellant.

Mr. P. McHUGH, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought to recover upon a contract for the construction in part of a block of dwelling houses in Chicago. On December 12, 1881, a trial was had, and the jury rendered a verdict against the defendant for $1261.85. The next step appearing by the record is, that on March 25, 1884, the cause came on in its order on the calendar, and being called for trial, the plaintiffs came by their attorney, and the defendant being called and coming not, nor any one for him, a jury was called, evidence heard, and a verdict rendered for

$1261.85, against the defendant, upon which judgment was entered. On the next day, March 26, the defendant filed a motion to vacate the judgment and for a new trial, which motion the court overruled on April 5, 1884. On appeal to the Appellate Court for the First District the judgment was affirmed, and defendant took the present appeal to this court.

The circumstances under which the default occurred of the absence of the defendant and his counsel, were, that the late Judge Williams was defendant's attorney, and being in bad health in the last of October, 1883, by agreement between Mr. Woodbridge, representing him, and the plaintiffs' attorney, and by order of the judge, the cause was placed at the foot of the September calendar. Judge Williams died February 24, 1884, and soon after, the defendant took his papers away from the office of Judge Williams, and spoke of employing another attorney, and did so. This attorney appears to have labored under a mistake in supposing that the case had been placed at the foot of the February calendar instead of the September calendar, in which case, of the cause being at the foot of the February calendar, he considered it as equivalent to a general continuance until in April or May, and so informed defendant, and told the latter to await notice from him. On the 25th of March,—the day the case was called and tried,—this attorney was absent, at Wheaton, DuPage county, trying a case in the circuit court.

There certainly was more or less of negligence on the part of the defendant or his attorney in not knowing the situation of his cause as to when it would come on, in its order on the calendar, for trial, and we do not feel prepared to say there was in this case such abuse in the exercise of the discretionary power of the court in refusing to set aside the default, as to call for the interference of this court to disturb the decision in that regard.

Objection is taken to there being the action of two judges of the Superior Court in the decision of the motion. Sepa-

42—114 ILL.

rate bills of exceptions, signed by the two judges, respectively, recite that in the branch of the Superior Court presided over by Judge ANTHONY, the cause came on in its order on the calendar, and was called for trial, and thereupon, by order of said judge, the cause was transferred for trial into the branch of said court presided over by Judge GARY; that the cause was there tried, and the motion to set aside the default made; that the latter judge declined to consider the motion in respect of the circumstances of the regularity of the call in Judge ANTHONY's court, and of the transfer of the case to Judge GARY's branch of the court, and directed the parties to appear before Judge ANTHONY in respect to that matter, and that Judge ANTHONY hearing the motion in respect of said circumstances, overruled the motion to that extent, and on further hearing before Judge GARY he considered the motion in the further respects bearing upon the merits of the case, or of the motion for a new trial, and overruled the motion. We perceive nothing improper in this course. Each judge appears to have passed upon so much of the proceeding as took place before himself, the result whereof was the final overruling of the motion by Judge GARY, before whom the trial was had.

Complaint is made that the prior verdict rendered on December 12, 1881, was standing in force, never having been set aside. It does so appear by this record. But it is not seen how this makes error in the judgment. Its being supported by two verdicts, instead of one, should not detract from its force. The mere verdict, of itself, does the defendant no harm. It is not to be supposed the court will enter a further judgment on that verdict.

It is urged there was error in sustaining a demurrer to the second, third, fourth and fifth pleas. Whether the demurrer was correctly sustained or not, the general issue was pleaded, under which the matters set up in the special pleas might have been given in evidence, and so the court's ruling did

the defendant no harm, and was not material error, as this court has often held in such cases.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*