Schultz v. Meiselbar.

---

## MARTIN SCHULTZ
### v.
## HENRY MEISELBAR.

*Practice—Negligence of Attorney.*

Wilful or careless neglect by a defendant, of his cause, will generally prevent him from relief from the consequences, even if he have merits, whether the case be in chancery or at law; and the negligence of his attorney is the negligence of the party.

[Opinion filed April 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Mr. A. S. CRONK, for appellant.

Mr. E. J. WALSH, for appellee.

GARY, J. On the 18th day of November, 1891, a judgment by default, in all respects regular so far as the record shows, was entered in favor of the appellee, and against the appellant. Shortly thereafter the appellant moved to set aside the default upon affidavits that he owed the appellee nothing, and that when the judgment was entered the declaration was not with the files, but in the possession of his attorney, who through press of business had been obliged to neglect many smaller matters. Whether the attorney is solvent does not appear. Wilful or careless neglect by a defendant of his cause, will generally prevent him from relief from the consequences, even if he have merits, whether the case be in chancery (Smith v. Brittenham, 88 Ill. 291) or at law (Union Hide and Leather Co. v. Woodley, 75 Ill. 435); and the negligence of the attorney is the negligence of the party. Stenzel v. Sims, 25 Ill. App. 538; Walsh v. Walsh, 114 Ill. 655.

No authority is cited, nor is it probable that any can be found, that the possession by the defendant, of the declaration filed in time, extends his time to plead, or prevents the entry of his default for not pleading. The judgment is affirmed.

*Judgment affirmed.*