## J. S. Holliday v. William H. Tuthill.

1. PRACTICE—*Motions to Set Aside Defaults Addressed to the Discretion of the Court.*—A motion to set aside a judgment by default is addressed to the sound legal discretion of the trial court, and a court of review will not disturb a judgment entered in the exercise of such dis-

cretion, unless it appears to have been wrongfully and oppressively exercised.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed April 8, 1901.

Cox, HELDMAN & SHORTLE, attorneys for appellant.

FRANK HUMBOLDT CLARK, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee, plaintiff below, brought suit in the Circuit Court for damages against appellant and others, partners, defendants below, for the breach of a written contract for the purchase and sale of certain springs to be used by appellant in his business, for the firm of Holliday & Co., in which he was a partner.    Personal service of summons was had on appellant December 7, 1899, which was in time for the December term of that court, and default and judgment rendered against him alone December 23, 1899, for $1,025. Four days thereafter the demurrer of appellant was filed, for what reason does not appear, and thereafter, on December 29, 1899, appellant filed his motion for leave to withdraw said demurrer, to vacate said judgment, and for leave to plead, which motion, after a hearing upon an affidavit of appellant in support thereof, as well as an affidavit of plaintiff in opposition thereto, was overruled by the court. From the order overruling said motion the appeal herein is taken.

The only question presented for the consideration of the court is as to whether the Circuit Court abused its discretion by denying the motion to vacate.

It is the settled law of this State that a motion to set aside a default judgment is addressed to the sound legal discretion of the court, and a court of review will not disturb the judgment of the trial court entered in the exercise of such discretion, unless it has been wrongfully and oppressively exercised.    Mason v. NcNamara, 57 Ill. 274; Constantine v. Wells, 83 Ill. 192; Union, etc., Co. v. Woodley,

75 Ill. 435; Hitchcock v. Herzer, 90 Ill. 543; Hall v. Bank, 133 Ill. 234–44; Schultz v. Meiselbar, 144 Ill. 26.

In the Mason case, *supra*, the court say : "Where it appears by affidavit that the party has a defense to the merits, either to the whole or a material part of the cause of action, it has been usual to set aside the default, if a reasonable excuse is shown for not having made the defense," and the court set aside the judgment because it found that a substantial defense to the suit was shown and that appellant, as well as his attorney, omitted no duty and was diligent in his efforts to present a defense, which he was prevented from doing because the papers in the case had been either stolen or mislaid.

In the Woodley case, *supra*, where it appeared that the defendants were guilty of pure negligence in not presenting their defense, there being no accident, mistake or imposition shown, it was held the court below did not abuse its discretion in denying a motion to vacate. The court say that where a party fails to present his defense from wantonness, negligence, or without any reasonable excuse, he has no right to insist that he be let in to defend.

In the Hitchcock case, *supra*, it is held that a court of review will not interfere with the discretion of the lower court " unless there has been a palpable abuse of such discretion," and further say :

" It is only where it is evident the action of the court below has been unjust and oppressive, and has resulted in a substantial injury to the appellant, that such action will be reversed on review."

In the Schultz case, *supra*, the rule stated in the Woodley and Hitchcock cases is re-affirmed, and the court held that while it might be conceded a meritorious defense was shown, the judgment would be affirmed because no other showing of diligence was made than that a plea was not filed in proper time because the attorney employed to defend " failed to do so through press of business and inadvertence."

Testing this case by the rule laid down in the above decisions, while it may be conceded for the purposes of this

decision that the affidavits filed *pro* and *con* on appellant's motion show a meritorious defense, (but on this we think there is a serious question which might well have been found against appellant), the showing made by appellant as to diligence in presenting his defense in proper time is wholly insufficient. Appellant was served with summons personally sixteen days before the default and judgment were rendered, and the only excuse that is given for a failure to plead is thus stated :

" Affiant further says that all of these defendants are residents of the State of Indiana, and that service was had in this suit by serving one of the defendants in this suit, and also a suit brought by this plaintiff against these defendants before a justice of the peace in the city of Chicago, at the time when said defendant was temporarily in the city of Chicago on business, and that defendant was delayed in getting home and got the two notices of the suits confused, and that by the time they notified their lawyers and employed lawyers in the city of Chicago to defend the suit, this judgment had been rendered."

In the counter affidavit of the plaintiff he swears that he had brought no suit against the defendants before a justice of the peace in Chicago, and had not brought suit of any kind or at any place against the defendants, except this suit. If it was true, as testified by appellant, that the plaintiff had sued the defendants before a justice, it would have been an easy matter to have corroborated his statement by the production of the original summons from the justice, or a transcript. We therefore say that the learned circuit judge was justified in disbelieving the affidavit of appellant in that regard.

Counsel for appellant suggest that there is some confusion in the practice as to the right to file counter affidavits on an application of this kind, referring to Mendell v. Kimball, 85 Ill. 582, but we regard the practice as now firmly settled that such affidavits are proper. Hefling v. Van Zandt, 162 Ill. 167, and case cited, which has been followed by this court in a late case.

We have examined the cases cited by appellant, one of which is the Mason case, from which we have quoted, and

think they do not sustain appellant's contention.    The case of Souerbry v. Fisher, 62 Ill. 135, is clearly distinguishable from the case at bar, in that the appellant, who showed a clearly meritorious defense and was merely a nominal party, had relied upon a co-defendant to make the defense, the latter being dismissed out of the case at the last moment and being responsible for appellant's appearance in court.

In the case of Johnson v. Eldred, 13 Wis. 482, it appears that a defense was not made in that case because the defendant, although he had prepared his answer, made a mistake as to the day when the time to answer would expire, which the court held, under the peculiar circumstances of the case, was excusable.

For the failure of appellant to show any reasonable excuse for not having made his defense in the Circuit Court, the judgment is affirmed.