## Gilchrist Transportation Co. v. Northern Grain Co.

1. PRACTICE—*A Motion Asking Leave to Plead and Set Up a Defense is a General Appearance.*—When a party appears for a specific purpose, as to show that he is not properly before the court, he should so restrict his motion. If he makes a motion to vacate the judgment and that leave be given the defendant to plead and set up its defense to the action, he will be held to have appeared generally for all purposes.

2. SAME—*On a Motion to Vacate a Judgment, Counter Affidavits May be Heard.*—On a motion to vacate a judgment and set aside a default, counter affidavits may be heard.

3.   SAME—*In Support of a Motion to Set Aside a Default Reasonable Diligence Must be Shown.*—In support of a motion to set aside a default, it is necessary to show that the mover has not failed to exercise reasonable diligence, and this even when it appears that the mover has a good defense on the merits.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed April 20, 1903.

**Statement.**— Appellee sued appellant in assumpsit. Summons was issued September 11, 1901, returnable to the October term, 1901, of the court, and was returned by the sheriff September 20, 1901, indorsed :

" Served this writ on the within named Gilchrist Transportation Company, a corporation, by delivering a copy thereof to Dennis Sullivan, agent of said corporation, this 17th day of September, 1901. President of said corporation not found in my county. Ernest Magerstadt, sheriff, by B. Gilbert, deputy."

The declaration contained several counts, and is, in substance, that, March 8, 1901, the defendant (appellant here), was the owner of the steamer " A. L. Wright," lying at Manitowoc, Wisconsin, and bound thence to Buffalo, New York, and that plaintiff, at defendant's request, caused to be loaded on said vessel 102,000 bushels of corn in good condition, of the value of $60,000, to be safely carried to Buffalo, dangers of navigation, fire and collisions excepted. And, in consideration thereof and certain freight and reward, defendant undertook and promised safely to carry and deliver said goods, as aforesaid, with the exceptions aforesaid; but defendant so negligently conducted itself in the premises that said goods, while on board said vessel, and in custody of the defendant, were greatly damaged, etc.   To plaintiff's damage $15,000.

October 23, 1901, the defendant was defaulted, and November 7, 1901, the court assessed the plaintiff's damages at the sum of $7,791.86, and rendered judgment for that sum and costs.

It appears by the bill of exceptions that, November 16, 1901, during said October term of the court, the defendant,

by its attorney, " moved the court to set aside the judgment theretofore entered in said cause, on the 7th day of November, A. D. 1901, and that the default theretofore entered in said cause be set aside and vacated, and that leave be given the defendant to plead and set up its defense to the action." Appellant filed affidavits in support of its motion, and appellee filed counter affidavits in opposition thereto, and May 28, 1902, to which time the motion was continued, the court overruled the motion on appellee entering a *remittitur* for the sum of $1,841.39, and allowed the judgment of November 7, 1902, to stand for $5,950.47. The *remittitur* was required by the court apparently for the reason that appellee, at one time, presented to appellant a bill for damages, etc., to the amount last mentioned. The appeal is from the order overruling appellant's motion to set aside the judgment of November 7, 1902.

C. E. Kremer, attorney for appellant.

Church, McMurdy & Sherman, attorneys for appellee.

Mr. Justice Adams delivered the opinion of the court.

Appellant's counsel bases his client's claim that the judgment should be reversed on three grounds, viz : that the service of the summons on Dennis Sullivan was not service on appellant, for the alleged reason that Sullivan was not appellant's agent, and, therefore, the court was without jurisdiction; that the court erred in permitting appellee to read counter affidavits in opposition to the motion to vacate the judgment, and that the facts set forth in the affidavits in support of appellant's motion show that appellant was not guilty of any negligence in respect to the corn in question.

The motion in this case was not that the return be quashed; but that the judgments, interlocutory and final, be set aside, and that leave be given the defendant to plead and set up its defense to the action.

In Abbott v. Semple, 25 Ill. 107, the rule applicable in the present case is thus stated :

" When a party only appears for the purpose of showing he is not properly before the court, he should so confine it in his motion, else he may be adjudged to have appeared for all purposes—that his appearance, not being limited to a specific purpose, will be held to be a general appearance." Ib. 109.

In Flake v. Carson, 33 Ill. 518, 526, the court, citing Abbott v. Semple, say :

" In the last case we said, when a party appears for a specific purpose, as to show that he is not properly before the court, he should so restrict his motion. If he makes several motions in the cause, not limiting his appearance to a specific purpose, he will be held to have appeared generally for all purposes."

In Nicholes v. The People, 165 Ill. 502, the court say :

" A special appearance must be for the purpose of urging jurisdictional questions only, and it must be confined to a denial of jurisdiction. An appearance for any other purpose than to question the jurisdiction of the court is general," citing authorities.

The motion of appellant does not question the sufficiency of the service, or contradict the sheriff's return, or in any way deny the jurisdiction of the court. On the contrary, the motion, by asking leave to plead and set up a defense, is, in effect, a submission to the jurisdiction of the court, and is a general appearance within the rules announced in the case cited. Also, the affidavits in support of the motion are mainly as to the merits.

Had the question of the sufficiency of service of the summons been properly presented, we think the court would have been warranted in finding that Sullivan was such an agent of appellant, that service on him was, in law, service on the company. Sullivan, in his affidavit, states that for a number of years he has carried on the business of furnishing cargoes for vessels, and that, in so doing, he represents the owner of the vessel, and that he has procured cargoes for the appellant. Sullivan signed the bill of lading of the corn in question. When James G. Martin, appellee's vice-president and general manager, was negotiating with J. C. Gilchrist, appellant's president, for the transportation

Gilchrist Transportation Co. v. Northern Grain Co.

of the corn, he was referred by the latter to "Captain Dennis Sullivan, at Chicago, an agent of the company." When Martin was informed that the corn aboard the Wright, at Manitowoc, was damaged by water, he so reported to Gilchrist, and within a couple of days thereafter he, Martin, was called up by telephone by Captain Sullivan, who proposed to him that they, Sullivan and himself, should go to Manitowoc and examine into the matter, which they did, and found that the cargo was so badly damaged by water that it had to be removed from the vessel.

Appellant's contention that, on a motion to vacate a judgment and set aside a default, counter affidavits can not be heard, can not be sustained. The contrary is well settled in this state.    Hartford Life Ins. Co. v. Rossiter, 196 Ill. 277; Holliday v. Tuthill, 94 Ill. App. 424; Swigart v. Holmes, 96 Ib. 43.

In support of a motion to set aside a default, it is necessary to show that the mover has not failed to exercise reasonable diligence, and this even when it appears that the mover has a good defense on the merits.    Mendell v. Kimball, 85 Ill. 582; Hartford L. Ins. Co. v. Rossiter, *supra;* Hahn v. Gates, 169 Ill. 300.

Service was had in this case September 17, 1901, for the October term, 1901, which commenced October 15th. Appellant was not defaulted until October 23d, and no excuse is shown, by affidavit or otherwise, for appellant's failure to plead.

Having carefully read and considered the affidavits for and against appellant's motion, we are satisfied that the court properly denied the motion.

Counsel for appellee object to all of the affidavits filed by appellant, except Sullivan's, on the ground that it is not certified by the notaries who administered the oaths that they were authorized by the laws of their respective states to administer oaths.    It does not appear from the abstract that appellee's attorney objected to the reading of the affidavits, and appellee has not assigned any cross-error. Therefore the objection can not be considered.

The judgment will be affirmed.