## Martha E. Rust et al. v. J. D. Baird, Executor.

1. Practice—*Motion to Set Aside a Default Addressed to the Discretion of the Court.*—A motion to set aside a default is addressed to the sound discretion of the trial court and an appellate court will not interfere unless there has been a gross abuse of that discretion.

2. Same—*What Defendant Must Show to Have a Default Set Aside.*—A defendant applying to have a default against him set aside must show not only that he has a meritorious defense, but that he has been without fault in failing to interpose it by plea.

3. Same—*Counter-Affidavits on Motion to Set Aside a Default.*—Counter affidavits in resistance of a motion to set aside a default are proper. Such affidavits must relate to the question of diligence in failing to file pleas, however, and not to the question of defense on the merits.

Assumpsit.—Common counts. Appeal from the County Court of McLean County; the Hon. Rolland A. Russell, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

Tipton & Tipton, attorneys for appellants.

JAMES L. LOAR, attorney for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This suit was brought by appellee to recover for money alleged to have been loaned to appellants by Paulina Davis in her lifetime. The declaration was filed on January 2, 1902. Summons was issued and served for the April term, which began April 14, 1902. On the 7th day of April the case was set for trial, with other cases, for April 15th. During a preliminary call of the docket on the 14th, a rule was entered on appellee, at the instance of appellants, to file a bill of particulars, which was complied with on that day. When the case was called for trial on the next day, there was no plea in, and the court, after waiting an hour for the appearance of appellants or their attorneys, in their absence entered a default. A jury was impaneled to assess damages and, after hearing witnesses, returned a verdict assessing the damages at $300. On the following day appellants moved to set aside the default and verdict of the jury, and supported the motion by their affidavits and the affidavits of their attorney, showing that they had a meritorious defense, and that they were misled into not interposing it by proper plea by the deputy clerk of the court telling one of appellants' attorneys that rules to plead in common law appearance cases would not expire until Wednesday morning, April 16th. Counter affidavits were filed in resistance of the motion. The court overruled the motion and entered judgment upon the default and verdict against appellants for $300.

Although it is assigned that " the court erred in entering a default against appellants for want of a sufficient declaration on file," the declaration does not appear in the abstract. Under the rules of this court, we could decline to consider that assignment for that reason alone. We have gone to the record, however, and find the declaration formal and amply sufficient to support a judgment by default. Whether the evidence heard by the court and jury proved the averments in the declaration, we have no means of knowing, as the testimony of the witnesses heard

Rust v. Baird.

is not preserved in a bill of exceptions. The presumption is that the evidence was sufficient, however.

The chief ground of contention is that the court erred in overruling appellants' motion to set aside the default. The rule is well established in this state that a motion to set aside a default is addressed to the sound discretion of the trial court and that an appellate court will not interfere unless there has been a gross abuse of that discretion. Holliday v. Tuthill, 94 Ill. App. 424; Hitchcock v. Herzer, 90 Ill. 543; Leather Co. v. Woodley, 75 Ill. 435.

A defendant applying to have a default against him set aside must show not only that he has a meritorious defense, but that he has been without fault in failing to interpose it by plea. If he has been negligent in that regard, refusing his application can not be regarded as abusing its discretion. Walsh v. Walsh, 114 Ill. 655; Hartford Life Ins. Co. v. Rossiter, 196 Ill. 277. It appears from the counter affidavits submitted on the motion that the case was on the trial call for Tuesday, April 15th, that both of appellants' attorneys were present when the court announced on Monday, the 14th, that all pleas in cases set for trial on the 15th must be filed by 9 o'clock A. M. on the 15th, and that the attorney for appellee then stated that he would be ready for a trial of the case when called. In addition, there was submitted the affidavit of the deputy clerk, who stated that he did not tell attorneys for appellant that rules to plead in common law appearance cases would not expire until Wednesday morning, April 16th.

From the affidavits submitted on both sides, it is plain that the court did not abuse its discretion in refusing to set aside the default. To the contention of appellants that the court could not properly consider the counter affidavits, it is sufficient to say that our Supreme Court has expressly held, in Hartford Life Ins. Co. v. Rossiter, 196 Ill. 277, that counter affidavits in resistance of a motion to set aside a default are proper. Such affidavits must relate to the question of diligence in failing to file pleas, however, and not to the question of defense on merits.

Judgment affirmed.