Chicago Copy Company, Defendant in Error, v. The Original Manufacturing Company, Plaintiff in Error.

## Gen. No. 15,641.

1. SERVICE OF PROCESS—*when upon corporation sufficient.* A return as to the president of a corporation "not found" justifies service upon an agent.

2. ABATEMENT—*when appearance not special.* *Held,* that even though a special appearance may be entered, such appearance becomes general by the interposition of a motion predicated upon the merits to set aside a default.

3. MUNICIPAL COURT—*what essential to reverse judgment.* Before a judgment of the Municipal Court will be reversed the Appellate Court must be "satisfied that the judgment is contrary to the law and the evidence."

Error to the Municipal Court of Chicago; the Hon. W. N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed June 19, 1911.

J. H. PERKINSON, for plaintiff in error.

BYRON C. THORPE, for defendant in error.

*Per curiam.* A judgment of the Municipal Court of Chicago for $162 and costs in favor of the Chicago Copy Co., against The Original Manufacturing Co., is attacked by this writ of error, on the ground of defective service of the original writ of summons in the Municipal Court, and on the ground that the evidence did not sustain the finding of the

court on which the judgment was entered. The service of the writ was as follows: "Served this writ on the within named The Original Manufacturing Company, a corporation, by delivering a copy thereof with a Receipt and Statement of Claim attached thereto to W. M. Walters, Agent of said corporation, this 16th day of Feb'y, 1909. The President of said corporation not found in the city of Chicago." We have in No. 15,670, Burr v. Co-operative Construction Co., held that the return of "not found in the city of Chicago" as to the president of a corporation, allows valid service to be made on an "agent." The defendant, however, claims that there is evidence in the record that the person served was not an "agent" of the defendant corporation. The evidence alluded to was not offered by the defendant, The Original Manufacturing Company, but by Walters himself, who had been named as a co-defendant with the Manufacturing Company and one Steudell, who seems never to have been found in the jurisdiction.

He swore on the trial of the case as against him, that he was not the agent of The Original Manufacturing Co. and had no relations with it, except that he was a sub-tenant of the Company in an office of which it had a lease in the Masonic Temple. The office had the name of the "Original Manufacturing Company" on the door and it would appear that another sub-tenant (Steudell) had ordered the goods—pictures of such furniture as "The Original Manufacturing Company" were making—and had signed an order for them with the name of Original Mfg. Co., and when the first instalment of the pictures were delivered at the office in the Masonic Temple, leased by and marked with the name of The Original Manufacturing Company, C. O. D., had resentfully through the telephone declared that as a reputable concern The Original Manufacturing Company should not have had its goods sent C. O. D., whereupon the said first instalment was left with Steudell and receipted for by him. After that three other instalments of the goods were left at the same place and receipted for by Walters in the name of The Original Manufacturing Co. Walters swore that he signed the receipts in

that name merely to accommodate The Original Manufacturing Company, thinking that it had purchased the goods.

This testimony was heard on March 22, 1909. After its conclusion the plaintiff dismissed its suit against Walters, whereupon the attorney who had been representing him "moved for leave to enter a special appearance for The Original Manufacturing Company and to plead to the jurisdiction of the Court and for leave to contest the service of process on said defendant, saying that he did not know that the files showed service on The Original Manufacturing Company, and that said Company had no knowledge of such service, which motion was denied by the court."

The court then, on motion of the plaintiff, ruled The Original Manufacturing Co. to appear instanter and had it called. It was defaulted, and thereupon it would appear from the bill of exceptions that same attorney moved "for an arrest of judgment," which must mean an arrest of judgment against the "Original Manufacturing Company." This motion was denied by the court.

Thereupon, reciting in its judgment order that the defendant, The Original Manufacturing Co., had been duly served and had defaulted in appearance, the court gave judgment against it for the amount of the claim as computed by the order given in the name of The Original Manufacturing Co. by Steudell. The goods were then, so far as appears, in the office of The Original Manufacturing Company in the Masonic Temple. On the 29th of March an affidavit was filed in the Municipal Court by one Anton Rollert, merely alleging that he and his sons were *copartners* doing business as The Original Manufacturing Company at Evanston, and that *said* Company is not a corporation, and that neither he nor (on information and belief) his partners were served in this case, nor ever ordered or authorized any one to order any goods from the Chicago Copy Co., and that "he had not received said goods and had no knowledge as to who ordered the same." It must be noted that this affidavit by itself could not be held to deny the existence of a corporation by the name

of The Original Manufacturing Company, who might have ordered the goods.

April 10, 1909, the same attorney who had represented Walters and made the motions before set forth, entered an appearance as follows:

"I hereby enter the appearance of Original Mfg. Company, defendant, and myself as their attorney in the above entitled cause specially for the purpose of pleading in abatement to the jurisdiction of the court of the defendant and to contest the service of the summons.   J. H. Perkinson, Defendant's Attorney."

On the same day the defendant, The Original Manufacturing Company, by its attorney, J. H. Perkinson, moved the court in writing to vacate the default and judgment against it, and besides reasons relating to the service set forth that the verdict was against the evidence and the law in the case. This motion being denied, The Original Manufacturing Company, by said attorney, asked leave to enter its general appearance on condition that it be granted a new trial and have "its day in court." This motion also was denied. The court fixd the amount of the bond for a stay of execution at $275, whereupon a bond was filed, the principal of which was "The Original Manufacturing Company (a corporation)," (which signed the bond, "The Original Mfg. Co. By A. J. Rollert, President"), and the surety in which was A. J. Rollert. The writ of error was sued out by "The Original Manufacturing Company, a corporation."

The whole transaction has a strange look. We think that under the circumstances disclosed by the record the appearance of the plaintiff in error, which certainly had actual notice through its attorney all the time of the proceedings, must be held to have been a general one when it raised the question of the merits of the finding by its motion to vacate the default. Gilchrist Transportation Co. v. Northern Grain Co., 107 Ill. App. 531, and 204 Ill. 510; Ryan v. Driscoll, 83 Ill. 415.

When the court had jurisdiction after the appearance, if the defendant, The Original Manufacturing Company, wished to vacate the default and contest the case on the merits, it should have at least offered some proof of a *prima facie* defense by affidavit or such other means as are admissible in the Municipal Court practice. The testimony taken before it appeared, against and in favor of another defendant, and the affidavit of Rollert, before recited, filed some days before, do not seem to us sufficient to require such a vacation.

The goods seem to have been received for The Original Manufacturing Company, and to have remained on its premises up to the time of the trial, and defendant in error is right in saying that there is no showing that it ever offered to return them or notified the plaintiff that it could take them away.

We are not "satisfied that the judgment is contrary to the law and the evidence,"—section 23 of the Municipal Court Act,—and shall decline to interfere with it. It will be affirmed.

*Affirmed.*