GEORGE ABBOTT *et al.*, Appellants, *v.* JAMES SEMPLE, Appellee.

APPEAL FROM MONROE.

Service of process is unnecessary, if the party appears.

When a party appears for the purpose of showing that he is not properly before the court, he should confine his motion to that object, or he will be held to have appeared for all purposes.

A party who makes several motions in a case, not limiting them to a specific purpose, will be held to have entered a general appearance.

SEMPLE sued out a summons against George Abbott and John L. Lemon, returnable to the Circuit Court next to be holden at

the Court House in Waterloo, within and for said (Monroe) county, on the 4th Monday of September next.

Service was had upon Abbott; Lemon not found.

The action was upon a promissory note.

At a special term of the court in October, an entry was made of record as follows: " Now comes the parties, plaintiff and defendants, by their attorneys, and the defendants' motion to quash the writ having been overruled, and the said defendants having failed to plead, and being called, having failed to answer, etc.," a judgment by default was entered.

At the same term the defendants moved to quash the writ, because it was not made returnable in conformity with an order duly entered of record, reciting it, calling a special term of the court for the 4th Monday of October, A. D. 1859 (see case 23rd Ill., page 618, where this order is discussed); which motion was overruled. To which the defendants at the time excepted. The defendants then moved to dismiss the case, for want of jurisdiction of the persons of the defendants, they never having been summoned to appear at a called October term. This motion was also overruled, and the defendants excepted.

Judgment was rendered for the plaintiff below, and the defendants appealed.

GEORGE ABBOTT, for Appellants.

JAMES SEMPLE, *pro se.*

BREESE, J. The first point made in this case, that of the legality of the special October term, has been already settled in the case of *Mattingly* v. *Darwin*, 23 Ill. 618. We there held, that such appointment of a special term was regular, and in conformity with the statute.

It is, however, contended here, that admitting the legality of the special term, yet one of the defendants, Lemon, was not summoned at all, the process as to him having been returned not found. We have often said, service of process is unnecessary, if the party appears, appearance being the object of process. When that is effected without service, as by a regular entry of appearance in person, or by attorney, the law is satisfied.

This record shows that both defendants appeared by their attorneys, and joined in a motion to quash the summons; and after that was disposed of, the record shows they again appeared, and entered their motion for a new trial, and that they also appeared to except to the ruling of the court directing the order appointing the special term to be entered on the record; and

also appeared and entered their motion to dismiss the case for want of jurisdiction of the persons of the defendants, they not having been summoned to appear at the special October term. It was at no time objected by the defendant Lemon, that he was not served at all, but with his co-defendant Abbott, who was served, joined in the motions that were made. Under these circumstances, we must hold there was a general appearance of both these defendants for all purposes. *Frazier* v. *Resor*, 23 Ill. 88.

When a party only appears for the purpose of showing he is not properly before the court, he should so confine it in his motion, else he may be adjudged to have appeared for all purposes— that his appearance, not being limited to a specific purpose, will be held to be a general appearance. The judgment is affirmed.

*Judgment affirmed.*