THE COMMERCIAL NATIONAL BANK OF CHICAGO

*v.*

LEROY PAYNE, for use, etc.

*Filed at Ottawa May 12, 1896.*

1. APPEALS AND ERRORS—*objections waived if not presented in lower court.* An objection to the sufficiency of an affidavit for a garnishee summons is waived by a failure to present it to the trial court.

2. GARNISHMENT—*assignment of claim against garnishee pending suit—effect.* After an action in garnishment has been begun for the use of a judgment creditor, the judgment debtor can not assign his claim against the garnishee so as to defeat recovery.

*Commercial Nat. Bank* v. *Payne*, 60 Ill. App. 346, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.

SLEEPER & BARBOUR, for appellant.

NEWMAN, NORTHRUP & LEVINSON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The James Cunningham Sons' Company sued out a summons from the Superior Court of Cook county, May 31, 1894, against Edward G. W. Rietz, as garnishee of Leroy Payne, in pursuance of an affidavit filed for that purpose, and the summons was served the same day. Interrogatories were filed June 16, 1894, and the garnishee answered under oath on the 29th of the same month, denying any indebtedness to Payne. His answer was traversed by the plaintiff, and an issue was formed. On March 7, 1895, the defendant Rietz filed his petition, stating that at the time the suit was brought he was a tenant of Payne under a lease which provided for the payment, as rent, of certain obligations of Payne, consisting of ground rent to the owner of the fee, interest accruing on a trust deed on the property, taxes and assessments levied on the premises, and premiums on certain insurance policies on the buildings on the demised property, and that the sums due under the lease were claimed by the appellant, the Commercial National Bank of Chicago, by force of an assignment of the lease by Payne to appellant, and praying that appellant be required to appear and maintain its rights. An order was made granting the prayer of the petition, and appellant appeared March 9, 1895, and set up its claim to the moneys due from Rietz. This claim was, that on December 26, 1893, it acquired a certificate of sale of the premises described in the lease under a judgment against Payne; that Payne assigned all his interest in the lease to appellant June 22, 1894, and that afterwards, on September 7, 1894, appellant paid the taxes on the premises and the interest due upon the trust deed stipulated in the lease to be paid. An amendment to the answer of Rietz was filed March 11, 1895, stating that he entered into the lease as above with Leroy Payne, October 11, 1893, and that there was due, under the terms of the lease, the sum

of $2300, against which he claimed a set-off amounting to $745. The cause was heard by the court without a jury, and the issues were found for the plaintiff in the garnishee proceedings and against the defendant Rietz, and judgment was entered for the sum of $1555. Appellant removed the case by appeal to the Appellate Court, where the judgment was affirmed.

It is first contended that the affidavit filed when the garnishee summons was issued was defective. This question was not presented in any way in the trial court, where, if the objection had been made, any defect might have been obviated by amendment. It was waived by failing to present it to the trial court.

At the trial the lease by Payne to the defendant Rietz was offered in evidence. It was dated October 11, 1893, and bore an assignment by Payne to appellant, dated June 22, 1894, after the commencement of this suit. Appellant also offered to prove that it had subsequently paid the taxes on the premises and the interest due on the trust deed. Appellant acquired no right to the rent under its certificate of sale and none is claimed. The question presented is, whether Payne could assign his claim against Rietz to appellant after the commencement of this suit, so as to defeat the right of the garnisheeing creditor. The law gave to the James Cunningham Sons' Company, as judgment creditor of Payne, the right to employ his name for its use and to recover his demand against Rietz. The judgment creditor had availed itself of the right and had instituted this suit for its use, as so authorized. The legal effect was, that Payne had commenced a suit for the use of the James Cunningham Sons' Company. The suit having been begun and the right acquired to recover and apply upon the judgment against Payne what might be due from Rietz to him, we think it evident that Payne could not change or affect that right by any assignment subsequently made. The amount due from Rietz was not equal to the judgment against Payne,

and there could be no surplus on which the assignment could act. The appellant, therefore, showed no interest whatever in the question at issue between the parties in the case, and the numerous questions sought to be raised do not affect any interest which it has in the controversy.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*