## CHARLES W. NICHOLES

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa January 19, 1897—Rehearing denied March 9, 1897.*

1. SPECIAL ASSESSMENTS—*notice which fails to identify property is fatally defective.* A court cannot entertain an application for judgment of sale for a delinquent assessment where the collector's notice of the application fails to sufficiently describe the property sought to be sold, nor, in the absence of a general appearance, is an amendment of the notice of any avail.

2. APPEARANCE—*a general appearance cures defective notice.* A general appearance by an owner in a proceeding to sell property for a delinquent assessment cures all defects in the notice of the application for judgment of sale.

3. SAME—*special appearance must be for jurisdictional purposes only.* A special appearance must be for the purpose of urging jurisdictional objections only, and if any of the objections interposed can be sustained only by an exercise of jurisdiction, the appearance is general, though in terms limited specially.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

DAVID G. ROBERTSON, for appellant.

JOHN D. ADAIR, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county rendered judgment, on the application of the collector of that county, against the lands of appellant returned as delinquent, for a spe-

cial assessment levied by the city of Chicago. Appellant filed his written appearance in the county court, stating that he appeared specially for the purposes of his motion only, and objected to the jurisdiction of the court. He moved to dismiss the application for judgment, and in support of his motion stated seven objections to the proceedings. The first and second of these objections were that the notice published by the collector was insufficient. The objections were heard, and appellant proved by the county surveyor that the lands could not be identified from the description contained in the notice. Thereupon the court, on motion of the collector, permitted an amendment of the notice so as to correctly describe the land. The tax, judgment, sale, redemption and forfeiture record showing the property was offered in evidence. The motion to dismiss and the objections were overruled and appellant moved for a new trial, which motion was also overruled and the judgment was entered.

The notice published was so defective that the court acquired no jurisdiction by virtue of it, since the land could not be identified from the description, (*Pickering* v. *Lomax*, 120 Ill. 289,) and if appellant did not submit to the jurisdiction of the court, such jurisdiction would not be acquired by an amendment of the notice. The case of *People* v. *Green*, 158 Ill. 594, was where there was a general appearance by the defendants, and the court had jurisdiction. Appellant had a right to appear specially and question the sufficiency of the notice to confer jurisdiction, and if he went no further the court would have no right to render a judgment. But a defendant may enter his appearance in a tax case as well as in a personal action against him, and if the appearance of appellant was general, it made no difference whether the notice published was defective or not. (*People* v. *Sherman*, 83 Ill. 165; *Hale* v. *People*, 87 id. 72; *Mix* v. *People*, 106 id. 425; *People* v. *Dragstran*, 100 id. 286.) A special appearance must be for the purpose of urging jurisdictional objections only, and it

must be confined to a denial of jurisdiction. An appearance for any other purpose than to question the jurisdiction of the court is general. (2 Ency. of Pl. and Pr. 632; *Abbott* v. *Semple*, 25 Ill. 107; *McNab* v. *Bennett*, 66 id. 157; *Crull* v. *Keener*, 18 id. 65.) In *Crull* v. *Keener*, *supra*, it was said (p. 66): "There are cases where the defendant may make a *quasi* appearance for the purpose of objecting to the manner in which he is brought before the court, and in fact to show that he is not legally there at all, but if he ever appears to the merits he submits himself completely to the jurisdiction of the court and must abide the consequences." If he appears to the merits no statement that he does not will avail him, and if he makes a defense which can only be sustained by an exercise of jurisdiction, the appearance is general, whether it is in terms limited to a special purpose or not. 2 Ency. of Pl. and Pr. 625.

In entering his appearance in this case appellant did not confine himself to the question of jurisdiction, but stated seven objections against the proceeding. The seventh was: "That the improvement for which said assessment was made has been built and paid for by these objectors at their own private expense, and the same has been approved and accepted by the city of Chicago." By this objection appellant called upon the court to hear and decide the question whether the improvement had been built, paid for and accepted as alleged. This the court could only do upon the hypothesis that it had jurisdiction, and the objection clearly went to the merits. He could not invoke the judgment of the court on all his objections without a general appearance, and could not in the same paper ask for an exercise of such jurisdiction and disclaim an intention to submit to it.

The judgment will be affirmed.

*Judgment affirmed.*