(No. 17275.—Reversed and remanded.)
AUGUSTA KUNDE, Defendant in Error, *vs.* JOEL PRENTICE.—(MRS. JOHN LAMBERT, Plaintiff in Error.)

*Opinion filed February 24, 1928.*

1. GARNISHMENT—*affidavit need not recite that affiant is a credible person.* The statute does not provide that the affidavit for garnishment shall recite that the person making it is a credible person but merely that he shall be a credible person, and where there is nothing in the record to show that the person making the affidavit was not a credible person, the sufficiency of the affidavit in that respect cannot be questioned on review where it was not objected to in the trial court.

2. SAME—*to give the court jurisdiction, return on the writ of scire facias must show date of service—waiver.* The return on the writ of *scire facias* does not give the court jurisdiction where it does not show the date upon which it was served, but where the garnishee allows final judgment to be entered and afterwards asks that the cause be set for trial on a petition to open the judgment, which is to stand in lieu of an answer, the general appearance so entered waives all defects of every kind and character and fully submits the garnishee to the jurisdiction of the court.

3. SAME—*when plaintiff in error cannot take advantage of want of bill of exceptions.* While petitions and affidavits, to be a part of the record, must be preserved by a bill of exceptions, where a petition of a garnishee to vacate a judgment is incorporated in the record as brought up by the garnishee after the overruling of the motion to vacate and shows an entry of general appearance, the garnishee, as plaintiff in error, cannot contend that because there is no bill of exceptions the Supreme Court cannot consider the petition as waiving the right to question the trial court's jurisdiction.

4. SAME—*when judgment entered on default should be vacated.* Whether a judgment by default may be vacated rests in the sound discretion of the trial court, but this discretion must be exercised in the light of all the facts in evidence; and where it is shown that a garnishee, in attempting to obey the summons without advice of counsel, allowed final judgment to be entered by default because of her ignorance of the proceeding, her sworn petition to vacate the judgment should be allowed, where it recites that she was not indebted to the defendant in the original proceeding and where the record shows she could have successfully questioned the jurisdiction of the court had she not entered general appearance by her petition to vacate.

5. PRACTICE—*irregularities which do not affect jurisdiction are waived if not questioned in trial court.* Mere irregularities which do not affect the jurisdiction of the court are subject to amendment, and if objections are not made to such defects in the trial court they will be considered as waived and cannot be raised for the first time in a court of review.

6. SAME—*jurisdiction must be questioned by special appearance.* A special appearance must be for the purpose of urging jurisdictional objections, only, and must be confined to a denial of jurisdiction, as an appearance for any other purpose than to question the jurisdiction is general and waives jurisdictional objections.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding.

EDWARD H. MORRIS, and JAMES B. CASHIN, for plaintiff in error.

BECKMAN, OLSON & HOUGH, for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

On May 16, 1924, Augusta Kunde obtained a judgment by confession in the municipal court of Chicago against Joel Prentice for $2050.50. An execution was issued and returned showing that defendant was not found and no property was found. On May 20, 1924, Charles C. Carnahan filed an affidavit for a garnishment, which recited that *August* Kunde on May 15, 1924, obtained a judgment against Prentice; that an execution was issued and returned no property found; that affiant had reason to believe that Mrs. John *Lainbert* was indebted to defendant and had effects of defendant in her possession. Interrogatories were filed to be answered by the garnishee. A summons was issued for Mrs. Lainbert, returnable May 26, 1924, to answer unto Prentice for the use of August Kunde, which summons showed service on Mrs. Lainbert on May

21, 1924. On June 3, 1924, an order was entered defaulting Mrs. John *Lambert* on account of her failure to appear, and a conditional judgment was entered against her for $2050.50, and a writ of *scire facias* was ordered to issue. On June 4, 1924, a writ of *scire facias* was issued, which recited that on May 16, 1924, August Kunde obtained a judgment, and Mrs. Lambert was summoned as garnishee; that she made default and a conditional judgment had been rendered against her, and she was summoned to appear on June 9, 1924, and show cause why this judgment should not be made final. The return on the writ of *scire facias* shows that it was personally served on Mrs. Lambert "this 5 day of June 19." The garnishee failed to appear, and on June 17, 1924, a final judgment was rendered against Mrs. Lambert. On July 11, 1924, Mrs. Lambert filed her sworn petition in the municipal court, in which she alleged that on June 17, 1924, a judgment was rendered against her; that prior to the entry of the judgment she was served with a garnishee summons returnable to room 812, city hall, on June 3, at 9:30 A. M.; that at that time and place she attended court but did not hear her name called; that she was served with a *scire facias* upon a conditional judgment which had been entered June 3, returnable to the same court room on June 17; that she again attended court on that day but was told by John Doe, whose true name she has been unable to ascertain, that the case had been continued to a later date and that she would later be notified as to the exact date; that she remained in the court room until all of the cases for that day had been called but did not hear her name called; that she did not know a judgment had been rendered against her until she was served with an execution on June 25; that she had a good defense upon the merits to the whole of plaintiff's claim; that the nature of her defense was that she was not, and had not been at any time, indebted to Prentice in any sum nor did she have any property in her possession belonging to him; that she

was totally unfamiliar with the practice in the courts, and whereas she was not indebted to either the plaintiff or the defendant in any sum whatever, she did not deem it necessary to employ or retain counsel in the first instance. She prayed that an order be entered vacating the judgment; that her petition stand in lieu of an answer and that the case be set for trial upon the merits at an early date. The motion to vacate was overruled. The garnishee did not except or pray an appeal or ask leave to file a bill of exceptions. On February 17, 1925, she sued out a writ of error from the Appellate Court for the First District, where the judgment was affirmed, and the case is now before this court on a writ of *certiorari.*

As ground for reversal it is urged that the affidavit for the garnishment was defective because it was not sworn to by the plaintiff but was made by Carnahan, who was not a party to the suit, and it did not allege that affiant was a credible person, as provided in section 1 of the Garnishment act; that the affidavit alleged that the judgment was rendered in favor of August Kunde, whereas the judgment was in favor of Augusta Kunde, which was a fatal variance; that the return on the writ of *scire facias* was invalid because it did not show the date of the service; that the conditional judgment was against Mrs. John Lainbert, while the final judgment was against Mrs. John Lambert.

The record shows that both the conditional judgment and the final judgment were against Mrs. John Lambert, therefore there is no merit in the contention that one of them was against her and the other was against Mrs. John Lainbert. Section 1 of the statute provides that the affidavit for the garnishment shall be filed by the plaintiff or some other credible person. The statute does not provide that the affidavit shall recite that the person making it is a credible person, but merely that he shall be a credible person. There is nothing in the record to show that the person making the affidavit was not a credible person. Even if the

affidavit was defective in this respect, its sufficiency was not questioned in the motion to open the judgment. The sufficiency of an affidavit is waived by a failure to object to it in the trial court. *Commercial Nat. Bank* v. *Payne,* 161 Ill. 316.

The affidavit for the garnishment was defective in alleging that August Kunde, and not Augusta Kunde, obtained the judgment, and in alleging that Mrs. John Lainbert, and not Mrs. John Lambert, was indebted to Prentice or had effects of his in her possession. The summons and its return were defective because they were for Mrs. Lainbert. The return on the writ of *scire facias* did not give the court jurisdiction because it did not show the date upon which it was served. (*Wilson* v. *Greathouse,* 1 Scam. 174; *Clemson* v. *Hamm,* 1 id. 176; *Ball* v. *Shattuck,* 16 Ill. 299; *Botsford* v. *O'Conner,* 57 id. 72; *Kepcha* v. *Lowman,* 249 id. 118.) Mere irregularities which do not affect the jurisdiction of the court are subject to amendment. The general rule is that objections to such defects should be made in the trial court, and if objections are not made in the trial court they will be considered as waived and cannot be raised for the first time in a court of review. (*Iroquois Furnace Co.* v. *Wilkin Manf. Co.* 181 Ill. 582.) A special appearance must be for the purpose of urging jurisdictional objections, only, and it must be confined to a denial of jurisdiction. (*Nicholes* v. *People,* 165 Ill. 502.) An appearance for any other purpose than to question the jurisdiction of the court is general. 2 Ency. of Pl. & Pr. 632; *Abbott* v. *Semple,* 25 Ill. 91; *Miles* v. *Goodman,* 35 id. 53; *Mc-Nab* v. *Bennett,* 66 id. 157; *Ryan* v. *Driscoll,* 83 id. 415; *Ladies of Maccabees* v. *Harrington,* 227 id. 511.

In the affidavit filed by plaintiff in error she did not enter a limited and special appearance and question the jurisdiction of the court, nor did she make any complaint about the sufficiency of the affidavit filed for the garnishment or that there was a confusion of names. She entered a gen-

eral appearance.  She alleged that prior to the entry of the
judgment she was served with a garnishee summons; that
later she was served with a *scire facias;* that she was in
court on both days in response to such service.  Her only
complaint was that she was not indebted to Prentice.  She
asked that her petition to open the judgment stand in lieu
of her answer and that the cause be set for trial upon its
merits at an early date.  This was a complete entry of ap-
pearance, it waived all defects of every kind and character,
and fully submitted plaintiff in error to the jurisdiction of
the court.

Plaintiff in error insists that the petition to open the
judgment was not preserved by a bill of exceptions, there-
fore there is nothing before this court to show that she en-
tered a general appearance, waived all defects and submit-
ted herself to the jurisdiction of the court.  There is no
bill of exceptions in this case but the petition to vacate is
incorporated in the record.  Petitions and affidavits are not
a part of the record but they must be preserved by a bill
of exceptions.  (*Anderson Transfer Co.* v. *Fuller,* 174 Ill.
222; *Greenwell* v. *Hess,* 298 id. 459.)  Plaintiff in error
caused the record to be prepared and had it filed in the Ap-
pellate Court.  If she had any objections to the petition
being in the record she should have taken the proper steps
to have it stricken therefrom, which she did not do.  On
the contrary, she assigned error on the petition and insisted
that the municipal court was in error in not vacating the
judgment for the reasons alleged in the petition.  In this
court she has assigned error on the refusal of the municipal
court to vacate the judgment, but this error is not argued.
The brief and argument filed in this court are almost iden-
tical with those filed in the Appellate Court, except that all
reference to any error based on the petition is omitted from
the brief and argument in this court, and plaintiff in error
insists that the petition is not properly before this court.
Plaintiff in error will not be allowed to take one position

in the Appellate Court and then take an opposite and contrary position in this court. She was responsible for the record and it was binding upon her. *Bates* v. *Ball, 72* Ill. 108; *Lake Shore and Michigan Southern Railway Co.* v. *Hessions,* 150 id. 546.

Whether or not a trial court should vacate a judgment after a default has been entered is a question which rests in the sound discretion of the court. (*Culver* v. *Brinkerhoff,* 180 Ill. 548; *Nitsche* v. *City of Chicago, 280* id. 268.) This discretion, however, must be exercised in the light of all of the facts in evidence. Plaintiff in error alleged in her affidavit that she was not familiar with court procedure, and this is apparent from her actions in this case. Without the advice of counsel she undertook to obey the summons and appeared in court on both occasions. She did not know what to do, and as a result of her lack of knowledge she was defaulted. If the record were otherwise free from defects her actions might not justify vacating the judgment, but there are so many irregularities in the record that we think the court should have given her an opportunity to be heard. The most serious defect is that the court was without jurisdiction to enter the final judgment. All that plaintiff in error was required to do in order to be entitled to have the judgment vacated was to enter a limited appearance and call the attention of the court to the defective return on the writ of *scire facias.* She did not do this. She did not attempt to raise any technicalities. She submitted herself to the jurisdiction of the court. All she asked was that the judgment be vacated on the ground that she was not indebted to Prentice. The judgment is quite large, it was entered upon a default, upon a record defective in several respects, and we think justice required that the judgment be vacated and that plaintiff in error be given an opportunity to present her defense.

The judgment of the municipal court and of the Appellate Court will be reversed and the cause remanded to the

municipal court, with directions to vacate the judgment, and for such further proceedings as the parties are entitled to under the law.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*