Tony Willis, Defendant in Error, v. Joseph W. Doratis et al. Pullman Trust & Savings Bank, Plaintiff in Error.

Gen. No. 34,847.

Opinion
filed October 19, 1931.

EUGENE P. KEALY, for plaintiff in error.

L. A. SHERWIN, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

The Pullman Trust & Savings Bank by this writ of error seeks the reversal of an order which set aside a prior judgment adverse to plaintiff, Tony Willis, and also the reversal of a judgment against defendants for $125 entered upon the finding of the court upon trial after judgment against the plaintiff had been set aside.

In this court the bank has committed a number of irregularities which would justify us either in striking its brief or in dismissing the writ. Its brief and abstract do not give the title of the case correctly, but have transposed the position of the parties. Although the judgment ran against Joseph W. Doratis, Anna Doratis and Pullman Trust & Savings Bank, a corporation, the bank alone sued out the writ of error, but no order of severance as to the other defendants has been obtained. The brief which purports to be filed on behalf of the bank is signed not by plaintiff in error

but by the United States Fidelity & Guaranty Company, a corporation, by its attorney, which company is not a party to this suit, so that, strictly speaking, there is no brief filed on behalf of the Pullman Trust & Savings Bank.

However, as the judgment is small, we have disregarded these irregularities and have considered the case upon its merits. There is no bill of exceptions and the matter is presented solely upon the statutory record.

July 24, 1924, Tony Willis brought suit against defendants alleging, in substance, that the Pullman Trust & Savings Bank had issued its cashier's check to the order of Joseph W. and Anna Doratis for the sum of $125; that plaintiff cashed this check for Doratis and his wife and subsequently presented it to the bank, which refused payment. The case came on for trial in December, 1924, before Judge Borrelli, one of the judges of the municipal court and the same judge who entered the last order and judgment. The record shows that in December, 1924, an order was entered finding the issues against the plaintiff and judgment was entered accordingly. March 29, 1927, plaintiff obtained leave from Judge Borrelli to file his petition asking that this judgment be vacated. The petition, in substance, alleged that at the prior hearing the case was continued with the understanding that plaintiff would be advised when the matter came up again; that he was not so advised and did not know that the suit had been subsequently dismissed. Judge Borrelli treated the motion as made under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, and after hearing entered an order vacating the judgment of December 2, 1924, and reinstating the cause. Subsequently, the defendants moved that this order be vacated and set aside, which was done, followed by a counter-motion of the plaintiff to vacate the judgment of Decem-

ber 2, 1924, *nunc pro tunc* as of December 2, 1924, which motion was sustained and the cause was set for trial. July 1, 1930, the record shows the cause came on for trial in regular course before Judge Borrelli and all the parties were present. Postponements were had and the final trial was held July 7, 1930, at which time all the parties were present and evidence was heard and respective counsel presented arguments to the court, whereupon the court found the issues against defendants and assessed plaintiff's damages at $125. Defendants moved for a new trial and in arrest of judgment, which motions were overruled. Appeal was prayed and bond filed, which appeal was subsequently dismissed, and this writ was prosecuted.

It is unnecessary to consider the various points made by the attorney of the Pullman Bank, none of which go to the merits of plaintiff's claim, for by his participation in the final trial of the case he waived all prior irregularities. Judge Borrelli had jurisdiction of the subject matter and, if the defendants wished to question the jurisdiction of the court when the case was reinstated, they should either not have appeared at all or limited their appearance to an objection to the jurisdiction of the court. They did not do so but participated in the trial, thus waiving the question of jurisdiction. *Zandstra v. Zandstra,* 226 Ill. App. 293, and cases there cited.

While we have animadverted upon the irregularities committed by defendant bank, the brief of the attorney for the plaintiff should also be criticized as containing a mass of recitals of alleged facts which do not appear in the record.

For the reasons indicated the judgment is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.