Nathan Greenberg, Appellee, v. I. Neiman, Appellant.

Gen. No. 42,348.

100

BURKE, P. J., dissenting.

Opinion filed June 30, 1943.

HAROLD A. FEIN, of Chicago, for appellant.

A. A. SCHWARZBACH, of Chicago, for appellee; BERN-ARD W. VINISSKY, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the defendant from a judgment of the municipal court entered April 13, 1942, on a finding by the court confirming an original judgment by confession entered on December 6, 1937, for $809.79 and costs.

The pleadings in the case consist of ʻ(1) statement of claim and cognovit, filed December 3, 1937; (2) petition to vacate judgment filed by the defendant November 17, 1941; (3) amended petition to vacate the judgment, filed December 8, 1941, which by order of court stood as the affidavit of defense; and (4) plaintiff's answer to the amended petition, filed December 13, 1941.

No question is raised as to the pleadings that were filed in the instant case.

On July 26, 1936, at Hillsboro, Montgomery county, Illinois, defendant executed a series of seven notes, each in the sum of $100, payable one each month, commencing November 1, 1936, to the order of plaintiff at the Hillsboro National Bank. The notes are on printed forms of the Hillsboro National Bank. Statement of claim and cognovit was filed on December 3, 1937, in the municipal court of Chicago, after the maturity of the first two of the notes but before the maturity of the remaining five. Leave was granted to the defendant, on February 10, 1942, to appear and make defense. Defendant's amended petition was filed December 8, 1941, standing by direction of the court as the affidavit of defense. On trial before the court, defendant offered evidence, to show that the notes, upon which judgment was confessed, were executed at Hillsboro, Illinois, outside of the county of Cook, and that at the time of the entry of judgment by confession and continuously thereafter and to the date of the hearing, he was not a resident of the city of Chicago, or county of Cook. No evidence was offered by the plaintiff. It

is suggested by the defense that the defendant's answer therefore stands uncontradicted.

Defendant lived in Chicago prior to 1922, when he moved to Argos, Indiana, living there between 1922 and 1930. In 1928 he commenced his business, organizing an Indiana corporation, the Chicago Garment Co., located at La Porte, Indiana. The defendant was a stockholder, director and president of that company which has engaged in business continuously at La Porte, Indiana since 1928. In 1930 he left Argos and moved to La Porte, Indiana, where he acquired ownership of a farm in La Porte county, Route No. 1, and has lived there continuously since 1930 to the present time, except for temporary residence, during the winter months, in the Town of La Porte at 907 Indiana avenue, so that he would be near his business, the farm being five miles distant. In addition to the ownership of the farm he also owned two half-sections of land in La Porte county in 1936 and 1937. He voted in La Porte, Indiana. He maintained his bank account at the First National Bank at La Porte, Indiana. He paid the gross income tax, levied by the State of Indiana. He paid personal property taxes in La Porte. Throughout this period he maintained his office at La Porte and carried on negotiations with a stock broker, in Chicago, by telephone from La Porte.

During the period from 1930 to the present defendant's family, consisting of his wife and children, resided in Chicago, Illinois, where his wife maintained an apartment together with his wife's parents and defendant's father. The defendant made week-end visits to Chicago about once a month, such visits usually commencing on Sunday mornings and terminating Sunday evenings. It is apparent from his testimony that the maintenance of an apartment by his wife and children and by his wife's parents and the defendant's father was a matter of convenience because of the attendance by the defendant's children at schools in Chicago, and

possibly the necessity for maintenance of this residence, in Chicago, by the wife and parents for their convenience. The rent on the Chicago apartment was paid by the wife, and the defendant said that he believed the lease was either signed by his wife or the parents but not by him. His name was not listed in the Chicago Telephone Directory whereas his wife's name was listed. His wife maintained her own brokerage account.

The statements made here appear from the evidence offered by the defendant. As we have already indicated there was none offered by the plaintiff.

It is also suggested by the defense that the negative facts as to whether the defendant maintained a residence in Chicago on the date of the entry of the judgment or at any time thereafter were: He did not maintain a place of business in Chicago; owned no real estate or personal property in Chicago, he had no bank account in Chicago; and he did not pay any personal property taxes in Cook county. It also appeared that he did not vote in Chicago, and, in fact, says that he last lived in Chicago in 1922. The agreement between plaintiff and defendant and the notes in question were executed at Hillsboro, Illinois, the defendant being represented by attorneys of Hillsboro, Illinois. There was no evidence offered by the plaintiff in this connection and the question is whether the judgment of the municipal court is void for want of jurisdiction.

Rule No. 185 of the Revised Civil Practice Rules of the municipal court, as amended October 1, 1937, is as follows:

"By whom and when judgments may be confessed.

"Any person for a debt bona fide due may confess judgment by himself or attorney, duly authorized, without process: Provided, however, that no such judgment shall be confessed in the Municipal Court in pursuance of any warrant of attorney in writing unless the note or obligation upon which the same is based

was executed in the County of Cook, or one or more of the makers of such note or obligation is a resident of such county at the time the judgment is confessed. For the purpose of this rule a corporation, a copartnership or an individual carrying on business in the County of Cook shall be deemed a resident of said county."

The note to Rule No. 185, as formulated by the municipal court, is as follows:

"1.    This rule as amended conforms with Section 50(5) of the Civil Practice Act as amended in 1935 (Laws of 1935, p. 1072) which provides that an application to confess judgment shall be made in the county in which the note or obligation was executed or in the county where one or more of the defendants reside.

"2.    The rule does not deal with substantive law. If it did Section 13 of Article IV of the Constitution would make it invalid. (*Ginsberg v. Ginsberg*, 361 Ill. 499.)    Confessions of judgments are purely matters of practice and have never been dealt with in legislation otherwise than in practice acts."

Defendant's petition or affidavit of defense alleges that the notes upon which the judgment was confessed, were executed at Hillsboro, Illinois and that at the time of the entry of judgment, December 6, 1937, the defendant was not then a resident of the city of Chicago or county of Cook, and it is suggested that the evidence of the defendant clearly sustains these two allegations of fact as alleged in the pleadings and it would therefore appear that the court had no jurisdiction to enter judgment by confession, and it is urged that the judgment should have been vacated and set aside.

The burden of proof, as suggested in the second point of the defense, was on the plaintiff to establish either of the jurisdictional factors (a) execution of

the notes within the county of Cook, or (b) residence of the defendant within the county of Cook. It is suggested that defendant's petition and motion having attacked the jurisdiction of the court, leave was granted to appear and defend on that ground; that the merits of any controversy between the parties or consideration or failure thereof were not at issue. It is urged that defendant, by his own evidence, conclusively proved (a) that the notes were executed at Hillsboro, Illinois, outside of the county of Cook, and beyond the territorial jurisdiction of the municipal court of Chicago, and (b) that he was not, in December 1937, or at any time thereafter, a resident of, or engaged in business, within the city of Chicago or county of Cook; and it was further contended that having established these facts and the consequent lack of jurisdiction of the court, the burden then shifted to the plaintiff to establish the jurisdiction of the municipal court by refuting defendant's testimony as to his domicile or residence. Defendant cites as authority upon this question the case of *In re Estate of Quinn,* 283 Ill. App. 597, wherein the defendant having established his domicile or place of residence in Indiana, the court held that the burden of proof to rebut this fact was on the plaintiff who contended to the contrary. Domicile is presumed to follow residence or the place of residence is presumed to be, or is *prima facie,* the domicile of the individual. The burden of proof to rebut this presumption is on the person contending to the contrary. *In re Estate of Dedmore,* 257 Ill. App. 519.

It is further suggested as authority upon this question that in *People v. Estate of Moir,* 207 Ill. 180, it was held that a residence once established, the presumption is that it continues and the burden of proof is upon the party, who claims that a residence has in

fact changed, to show such change, and that the court there said:

"To bring about a change of residence it is necessary that there be not only an intention to change the residence, but the change must actually be made, which can only be effected by abandoning the old and permanently locating in the new place of residence."

In other words the defendant contends that having established the fact that his residence was in La Porte, Indiana, for a long period of time, prior to and on the date of the confession of judgment, the burden was then upon plaintiff to show that the residence was in fact changed; that no effort was made to do so except by cross-examination of the defendant and even by that means the change of residence was not established; and that plaintiff having failed to so rebut the evidence or establish the court's jurisdiction the judgment should have been vacated.

The plaintiff urges that the municipal court erred in opening up the judgment on motion of the defendant, and states that the defendant by his original and amended petitions asked the municipal court to vacate the judgment by reason of the fact that there was no jurisdiction over his person in that he was not a resident of the county of Cook. It is further urged that in both the original and amended petitions the allegation is made that he has not between the date of execution of the notes and the date of confession resided in Cook county. However, this does not constitute an allegation that the defendant was not a resident of Cook county on the date judgment was confessed. Under the allegations of the amended petition on which the court acted in opening up the judgment there was no allegation that the defendant was not a resident of the county of Cook on the date judgment was confessed. Defendant alleged that from the date after the notes were signed until the day before the judgment was confessed

he was not a resident of the county of Cook. This interpretation is dependent upon the proper meaning to be given to the word "between."

In *Richardson v. Ford,* 14 Ill. 332, the court said:

"Where an act is to be done on a particular day, the party has the whole of the day in which to perform it. But where the act is to be done by or before a given day, it must be performed prior to that day. So, if an act is to be done between two certain days, it must be performed before the commencement of the latter day. In computing the time in such a case, both the days named are to be excluded."

In *Winans v. Thorp,* 87 Ill. App. 297, 298, the court said:

"When the word 'between' is used with reference to a period of time bounded by two other specified periods of time, such as between two days named, the days or other periods of time named as boundaries are excluded."

Rule 185 of the municipal court refers to the time the judgment is confessed. This means the day upon which such judgment is entered. The defendant's amended petition did not allege that he was not a resident of the county of Cook on December 6, 1937 and this did not authorize the court to open up the judgment to inquire whether or not the municipal court had jurisdiction over the person of the defendant. The fact that he was not a resident of the county of Cook on December 5, 1937, was not controlling. The question is whether or not he was a resident on December 6, 1937, and not having made such allegation in his amended petition, there was nothing upon which the municipal court of Chicago could properly predicate an order to open up the judgment.

It is further suggested that the defendant did not act in apt time and at the earliest possible moment as defined in the authorities cited by plaintiff. The original petition filed November 17, 1941, alleges that the

petitioner "recently learned" of the judgment. This is a mere conclusion and does not show that the petitioner acted with diligence. The amended petition was filed 22 days later and contained the identical allegation in this respect. Defendant apparently has a flexible notion of the meaning of the word "recently." There is no showing in the record why action was not taken on the original petition. It is a reasonable conclusion that the amended petition was not filed in apt time. The filing of the original petition acted as a general appearance, there having been no limitation placed on the appearance of the defendant. (*Nicholes v. People ex rel. Kochersperger*, 165 Ill. 502; *Kunde v. Prentice*, 329 Ill. 82.) The verification to the original petition was made on November 12, 1941, thus showing that the defendant knew of the judgment prior to that date. The filing of the amended petition upon which action was taken by the court took place almost a month after that date. Under these circumstances, plaintiff contends that on the face of the petition the defendant has not proceeded at the earliest possible moment to raise the question of jurisdiction and therefore the municipal court erred in opening up the judgment.

The facts are that the judgment was opened on February 10, 1942 and the defendant was given leave to appear and make defense herein in order that a trial of the cause be had notwithstanding the judgment, and that the petition stand as an affidavit of defense. The cause was heard on April 13, 1942, before Judge GRIFFIN and an order entered which recited that the cause came on to be heard in the regular course before the court without a jury and a judgment was entered on the finding that the original judgment by confession be affirmed. Plaintiff contends that the defendant did not raise his defense at the earliest possible moment and that he waived his defense by having his petition stand as an affidavit of defense

and proceeding to trial in the regular course and that he appeared generally in the case.

In *Mitchell v. Comstock,* 305 Ill. App. 360, the court said:

"The defendant, however, had entered a general appearance on August 29, 1938, when he filed a motion to vacate the judgment. Such motion was supported by an affidavit by the defendant. The motion and the affidavit raised points other than those questioning the jurisdiction of the court. The presentation of the motion on August 29, 1938, was in itself a general appearance. (*Kunde v. Prentice,* 329 Ill. 82; *People v. White,* 263 Ill. App. 425.) The defendant did not seek to file a special appearance for the purpose of attacking the jurisdiction of the court until approximately six months after his general appearance had been filed, and then he insisted on preserving his right to urge all the points set up in his original motion which we have held constituted a general appearance. The defendant having appeared generally, the court had an undoubted right to enter judgment against him to the same extent as if he had been served with a summons."

It appears that defendant in the instant case in filing his original and his amended petition did not in any way limit his appearance to make it a special appearance. Appearances are of two kinds, as suggested in the brief; they are general and special, and a special appearance must be so designated to prevent it from being construed as a general appearance. An appearance for any purpose other than to question the jurisdiction of the court is general even though it is designated as special. (*Nicholes v. People ex rel. Kochersperger,* 165 Ill. 502.) In *May v. Chas. O. Larson Co.,* 304 Ill. App. 137, the court held that the defendant by entering a general appearance instead of raising the question of jurisdiction by proper motion in apt time waived the right to raise such question.

It is further urged that in *Iles v. Heidenreich*, 271
Ill. 480, the court, in discussing section 28 of the Municipal Court Act, said:

"Under this section it has been frequently and uniformly held that the statute confers a privilege upon one who is made defendant in a suit, of which he can avail himself if he chooses, but if he does not plead his privilege in apt time he will be regarded as having waived it and submitted to the jurisdiction of the court."

The defendant in this case did not obtain from the motion judge in the municipal court an order which limited the trial of the case to the issues raised by his amended motion to vacate the judgment. The judgment was opened up and the defendant had an order which permitted his petition to stand as an affidavit of defense. The trial was had in regular course and was not in any way limited to the issue of jurisdiction. Participating in this trial after the entry of the order that the amended petition stand as an affidavit of defense constituted a general appearance for all purposes. In support of this position our attention is called to the case entitled *Willis v. Doratis,* 263 Ill. App. 97, where the court said:

"It is unnecessary to consider the various points made by the attorney of the Pullman Bank, none of which go to the merits of plaintiff's claim, for by his participation in the final trial of the case he waived all prior irregularities. Judge BORELLI had jurisdiction of the subject matter and, if the defendant wished to question the jurisdiction of the court when the case was reinstated, they should either not have appeared at all or limited their appearance to an objection to the jurisdiction of the court. They did not do so but participated in the trial, thus waiving the question of jurisdiction."

This authority as it is suggested is directly applicable to the case at bar. The order entered by Judge

GRIFFIN after the trial of the case recites that the cause came on for trial in regular course. Nowhere in the record does it appear that defendant's counsel specifically limited his appearance to an objection to the jurisdiction of the court. By not specifically limiting his appearance to an objection to the jurisdiction of the court and by participating in a trial held in regular course the defendant submitted himself to the jurisdiction of the court as fully as if he had been served with process.

We are of the opinion that the facts as they are contained in the opinion of the Appellate Court in the case of *Zipperman v. Wiltse,* 317 Ill. App. 654 (Abst.), filed March 2, 1943, are pertinent upon the very questions we have in the instant case. There the court said:

"The equities in this case are all in favor of plaintiff. Defendants make no claim of a meritorious defense to the indebtedness. When the court denied their motion to vacate the judgment a provision was incorporated in the order giving them leave to allow their special appearance to stand as a general appearance and to file an affidavit of defense in ten days. No defense was filed by either of them. Moreover, it affirmatively appears that both of them had personal knowledge of the proceedings in question for several years prior to the entry of their motion to vacate, and if they desired to take advantage of the statute it was their duty to act within a reasonable time after they learned of the entry of the judgment. They have thus failed to show either a meritorious defense or diligence."

It appears from this record that the defendant offered no evidence that tended to justify the court in reaching a conclusion that the notes were not properly executed by him and delivered at the time they were executed and for these reasons no evidence of a defense was offered that would justify the court in finding for the defendant.

For the reasons we have stated in this opinion, we find that the motion to vacate was properly denied, and the judgment of the municipal court is therefore affirmed.

*Judgment affirmed.*

KILEY, J., concurs.

MR. PRESIDING JUSTICE BURKE dissenting: It will be observed that the parties did not discuss the case of *Werner v. Illinois Cent. R. Co.*, 379 Ill. 559, which involved the jurisdiction of a city court over matters arising outside the territorial limits of the city. This subject involves the application of Section 1 of Article VI and Section 34 of Article IV of the Constitution of 1870. In the *Werner* case the Supreme Court ruled that the city court of East St. Louis and courts similarly organized had jurisdiction only of matters which arose within the territorial limits of the city. The contention of those who argue that the *Werner* case has no application to the municipal court of Chicago is that the latter court was organized under a special constitutional provision, Section 34 of Article IV. Those who urge that the *Werner* case is applicable to the municipal court of Chicago assert that Section 34 of Article IV does not itself give the general assembly power to create municipal courts, but merely provides that in case it does create municipal courts it may then take certain other action; and that Section 34 of Article IV gives the general assembly only the power to abolish the offices of the justice of the peace, etc., in the event it does create a municipal court.

The judgment in the case at bar was entered by confession. An attorney designated by the plaintiff, pursuant to the warrant of attorney, entered the appearance of the defendant and consented to the entry of the judgment. The defendant was not served with process, nor was a copy of the execution delivered to him. He did not learn of the entry of the judgment against

him until shortly before the filing of his petition to vacate. He did not file a formal appearance. The petition to vacate constituted his appearance. Defendant did not submit to the jurisdiction of the municipal court of Chicago by filing his petition to vacate the judgment. The only relief sought by that petition was to vacate the judgment on the ground that the notes were executed on July 25, 1936 at Hillsboro, Montgomery county, Illinois; that at the time of the execution of the notes he was a resident of La Porte, Indiana, and that he had not been, between the time of the execution of the notes and the day judgment was confessed, a resident of Cook county. Defendant did not seek to have the merits of the case adjudicated and did not endeavor to make any defense. He confined his petition to an attack on the jurisdiction of the municipal court. Plaintiff answered the petition. Thereupon the judgment was opened and leave was given to the defendant to defend, the judgment to stand as security and defendant's petition to stand as an affidavit of defense. The parties knew that the only issue to be determined was as to jurisdiction. On a trial of the issue before the court the original judgment was confirmed. A perusal of the report of proceedings shows that in the trial evidence was presented on the issue of the residence of the defendant and was confined to that issue. The defendant in fact appeared specially for the purpose of attacking the jurisdiction of the court and the trial was confined to that issue.

It is undisputed that the notes were executed at Hillsboro, Montgomery county, Illinois, on July 25, 1936. The record clearly shows that at the time of the entry of the judgment by confession, and continuously thereafter and to the day of the trial, defendant was not a resident of Chicago or of Cook county. The testimony of the defendant on this subject stands uncontradicted. Defendant lived in Chicago prior to 1922,

when he moved to Argos, Indiana. He lived there between 1922 and 1930. In 1930 he moved to La Porte, Indiana, in the vicinity of which he acquired ownership of a farm, and he has lived there continuously since 1930. He voted in La Porte and maintains his bank account in that city. His wife and children live in an apartment in Chicago. The defendant makes week-end visits to Chicago about once a month, such visits usually commencing on Sunday morning and terminating Sunday evenings. Defendant's name is not listed in the Chicago telephone directory. The name of the wife of the defendant is listed therein. He does not maintain a place of business in Chicago, nor does he own any real estate or personal property in Chicago. He does not have a bank account in Chicago. He does not pay any personal property tax in Cook county. He does pay personal property and income taxes in Indiana.

Rule No. 185 of the Revised Civil Practice Rules of the municipal court of Chicago provides that any person for a debt *bona fide* due may confess judgment by himself or attorney, duly authorized, without process, "Provided, however, that no such judgment shall be confessed in the municipal court in pursuance of any warrant of attorney in writing unless the note or obligation upon which the same is based was executed in the county of Cook, or one or more of the makers of such note or obligation is a resident of such county at the time the judgment is confessed." The record clearly shows that the notes were executed outside of Cook county and that then and also at the time the judgment was confessed the defendant was not a resident of Cook county. In my opinion the judgment should be vacated without prejudice to the right of the plaintiff to institute a new suit in a court having jurisdiction over the subject matter and the parties.